## CHARLES A. SHEFFIELD AND ANOTHER, APPELLANTS, v. CATHERINE E. HAMLIN, RESPONDENT.

*Action to recover money paid under a parol contract entered into under a mistake — when it may be brought without first having the contract reformed — When a legatee may be sued for money received by him while acting as executor.*

APPEAL from a judgment of nonsuit, entered on a decision rendered at the Oneida Special Term.

The action is brought to recover money alleged to have been paid in excess of the cash value of certain goods sold by the defendant to the plaintiffs. The ground of the action is an alleged mistake of the parties, which consisted in supposing that a certain inventory of the goods made by one Wilson, stated the cash value of the

goods, whereas the valuation contained in the inventory exceeded the cash value. The trial judge found that the contract to buy the goods was made by the plaintiffs with the said Wilson and the defendant as executrix of her deceased son, who had been a partner of Wilson, and that the defendant was represented in the transaction by her attorney, Miller. He also found that the price at which the purchase was made was the valuation contained in the inventory above mentioned, less certain deductions agreed upon by the parties and not the cash value of the goods as alleged in the complaint. The only finding which alluded to the subject of the alleged mistake was the following: "That before the contract was made it was represented by Wilson that the inventory expressed the fair cash value of the goods, and it is claimed that this representation was believed and relied on by plaintiffs and Miller when the contract was made, and in regard to this representation and its truth the mistake, if any, happened." There was no express finding as to whether there was a mistake in fact which led to or affected the contract, and the case was disposed of by the learned judge without passing upon that question. His view of the case, as appears from his opinion, being that as the contract was not to pay and receive the cash price, less the deductions agreed on, but was to pay and receive a particular sum fixed by the parties, it followed that the mistake, if there was one, was not in carrying out the contract as made, but in the inducement or consideration which led to the making of the contract, and consequently the remedy of the plaintiffs was to obtain a reformation of the contract; and until that was done this action could not be maintained.

The court at General Term said: "We think that view of the case is erroneous, the contract being in parol and not in writing an action to reform it is neither necessary nor proper. In a case of mistake in a written contract, the necessity for reforming the contract before seeking to enforce it according to the intent of the parties arises from the rule of evidence, that the written paper is to be treated as a full and correct expression of the intent, and it cannot be varied by parol; but where the contract rests in parol the intent of the parties may be shown by oral proof, and when the intent is ascertained it is to control.

" The alleged mistake was, therefore, a proper and a most mate-

rial subject of inquiry in this case. We have gone through the testimony, and in our judgment it would have warranted the conclusion that at the outset of the negotiations the plaintiffs and Miller believed that the inventory made by Wilson stated the cash value of the property. True, it appears that before the negotiations ended the plaintiffs discovered that as to some of the articles the valuation in the inventory exceeded the cost, and on that account a deduction from the price was agreed on. But if the parties continued to labor under their mistake in respect to the remainder of the articles, at the time when the final price was fixed and the contract was completed (and there is testimony tending to show that such was the case), the plaintiffs would be entitled to recover in this action the money paid by them over and above the cash value of the articles last above referred to, provided the action can be maintained in other respects; a point on which we express no opinion. * * *

It is also insisted by the defendant that the action should be against her as executrix and not in her individual character, and also that Wilson should be sued with her. The answer to this, we think, is that if the money paid by the plaintiffs went into the hands of the defendant exclusively, with the consent of Wilson, it being hers individually by right, as the sole legatee of her son, who was entitled to the whole of it, as between him and his partner Wilson, the present action may be maintained against Mrs. Hamlin, she being the sole recipient of the money and the only person interested in the question whether she shall be required to pay it back. As has been said, the action is not to reform the contract to which Wilson was a party. The proof of the contract and of the mistake are only links in the chain of evidence which the plaintiffs give, tending to show that the defendant has received money from them which in equity she ought to restore.

*Beardsley, Burdick & Beardsley,* for the appellants.

*F. G. Fincke,* for the respondent.

Opinion by SMITH, J.; TALCOTT, P. J., concurred; HARDIN, J., not participating in the decision.

Judgment reversed and a new trial ordered, costs to abide event.